## CLARK TERMINALS OF BOSTON, Inc. v. UNITED STATES.

No. 1667.

United States District Court,
D. Massachusetts.

July 2, 1951.

Thomas H. Walsh, Boston, Mass., for plaintiff.

Charles S. Bolster, Bingham, Dana & Gould, Boston, Mass., for claimant Nederlandsch Americaansche Stoomvart Maatschappy.

McCARTHY, District Judge.

The Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq., was amended by Congress on June 19, 1948 by the Extension of Admiralty and Maritime Jurisdiction Act, 46 U.S.C.A. § 740. The latter Act, which extended the jurisdiction to "all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land", provided "That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage."

The damage to the shore structure is alleged to have occurred on December 23, 1947, and Article Seventh of the libel in action No. 1667, as amended, alleges that "On or about December 23, 1947, and on or about January 12, 1948, libellant presented its claim in writing to the Federal agency owning or operating said S. S. Ethiopia Victory, to wit: the United States Maritime Commission, by mailing in each instance a letter to Mr. H. A. Treat, Terminal Superintendent, United States Maritime Commission, 666 Summer Street, Army Base, Boston, Massachusetts. Copies of said letters, marked "A" and "B" respectively, are attached hereto and made a part hereof".

The first letter, dated December 23, 1947, a copy of which was sent to Mr. Treat, is addressed to the Newtex Steamship Corporation, 666 Summer Street, Boston, Attention: Mr. R. J. Carey, and reads in part as follows: "We wish to report serious damage to concrete capping, Sheet steel piling and area at bulkhead, West End of Berth #1 by SS "Ethiopia Victory" on December 23, 1947 at approximately 3:30 A.M. when sailing from Berth #2, Army Base. * * * We are holding the Newtex Steamship Corporation *and the SS "Ethiopia Victory"* responsible for the repair, replacement or renewal of this damage". (Emphasis supplied.)

The second letter, dated January 12, 1948, is addressed to Mr. H. A. Treat, Terminal Superintendent, United States Maritime Commission, at Boston, and reads: "We would like to have you arrange with the Post Engineers office to have them make up the plans and specifications and inspection of the damage in Berth #1, bulkhead *caused by SS "Ethiopia Victory"*. Newtex Steamship Corporation, Agents, on December 23, 1947. The cost of these services will be included in assessing the damages against *SS "Ethiopia Victory"* and the New Steamship Corporation". (Emphasis supplied.)

The libel was filed December 22, 1949.

The exception relied upon by the respondent is that "no claim in writing" was presented to the Federal agency owning or operating the vessel.

There was, however, a compliance with the provisions of the Act of June 19, 1948.

The first letter was addressed to the Newtex Steamship Corporation which, it is true, is not an agency of the Government. On the other hand, the proper agency, the United States Maritime Commission, received a copy of this claim in writing. The libellant stated therein that it was holding the S.S. Ethiopia Victory responsible for the damage, as well as the Newtex Corporation. The Maritime Commission, of course, knew that it was the owner of the vessel in question, and could not fail to be aware of the fact that a claim was being made against it.

The purpose of the proviso in the statute concerning the claim in writing is to give the operating department of the Government an opportunity to settle cases on an administrative basis. 1948 U.S.Code Cong.Service, pp. 1898, 1902. That op-

portunity arose when the Commission received the copy of the letter addressed to the Newtex Corporation.

If there was any doubt that a claim was being asserted against a vessel owned or operated by the Commission, it should have been resolved upon receipt of the second letter addressed directly to the Terminal Superintendent, United States Maritime Commission, which re-emphasized the fact that damages would be sought against the S.S. Ethiopia Victory.

As stated hereinbefore the libel was not filed until December 22, 1949. There was ample time for administrative settlement of the case.

This being the sole exception relied upon by the respondent in its argument and brief, the action will be allowed to proceed. Exception overruled.